DAVISON *v.* ELLIOTT.

## Edward P. Davison v. Edward Elliott.

After a transcript of a justice's judgment has been legally filed in the Circuit Court under the statute, it is not in the power of that Court to allow an appeal from the judgment.

*Heard July 9th.    Decided July 11th.*

Certiorari to Ingham Circuit.

On October 19, 1858, Davison recovered a judgment against Elliott before a justice of the peace of Ingham county, and after execution returned unsatisfied, filed a transcript of the same in the Circuit Court, May 20, 1859, and took execution thereon. July 19, 1859, on application of defendant, the Circuit Court made an order that defendant be allowed to appeal from said judgment, and an appeal was taken accordingly. The plaintiff appeared in the Circuit Court, and moved to dismiss the appeal, for the reason, among others, that the Circuit Court had no jurisdiction to make an order allowing an appeal, after a transcript has been filed. This motion was denied, and the plaintiff removed the proceedings to this court by certiorari.

*J. W. Longyear,* for plaintiff in error.

*Shaw & Brunson,* for defendant in error.

CAMPBELL J.:

This case depends entirely upon the power of a Circuit Court to allow an appeal from a justice after a transcript of the justice's judgment has been legally filed in the Circuit Court. The statute must be taken together, and construed so as to harmonize its various provisions. In the section allowing the court, upon proper cause, to permit an appeal to be made, there is no limitation of time. But a transcript which can not be filed until a justice's execution has been returned unsatisfied, becomes when filed of the same force as a judgment of the Circuit Court,

and the justice has no further control over the proceedings: — 2 *C. L.* §§ 3832, 3786–7–8. We think this puts an end to the authority of the Circuit Court to grant an appeal. The order of the Circuit Court must be quashed for want of jurisdiction in the premises.

The other Justices concurred.