WINONA & ST. PETER RAILROAD COMPANY *vs.* HORACE N. RANDALL.

## July 11, 1882.

**Railroad Land-Grant—Relation to Date of Act—Certified Lists as Evidence.**—This is an action in the nature of ejectment. To maintain its title plaintiff introduced—

1. A copy certified by the state auditor of a certificate from the interior department, certifying to the state a list of lands, embracing that in controversy, as being within "the ten-mile limits granted to the state of Minnesota by the act of congress approved the 3d of March, 1865, to aid in the construction" of plaintiff's road.

2. A deed executed by the governor, conveying the land in contest to plaintiff, and containing full recitals showing plaintiff's performance of all things requisite to authorize the execution of the same.

3. A copy (certified by the register of deeds of Lyon county, where the land in dispute lies) of a list of lands certified by the state auditor, and filed in said register's office, pursuant to Gen. St. 1878, c. 40, §§ 39–42 inclusive.

*Held*, that in this state of the plaintiff's evidence, the list filed with the register of deeds (as proved by the copy) is, under Gen. St. 1878, c. 40, § 41, *prima facie* evidence of a title to the land in controversy, which passed out of the United States as of March 3, 1865, and to which plaintiff has succeeded under the governor's deed.

**Pre-emption—Certificate of Land-Office as Evidence of Title.**—Defendant's pre-emption settlement was made May, 1868, and his entry June 1, 1872, as shown by certificates such as are provided for in Gen. St. 1878, c. 73, §§ 91, 92, and are thereby made *prima facie* evidence of his title. *Held*, that these certificates are *prima facie* evidence of a pre-emption right commenced in May, 1868, and consummated in June, 1872.

**Title of Railroad Superior to that of Pre-emptor.**—*Held, further*, that in this state of the evidence, plaintiff's title appears to be the elder, and therefore takes precedence of that of defendant.

Appeal by plaintiff from an order of the district court for Lyon county, *Cox*, J., presiding, refusing a new trial. The acts to which plaintiff referred on the trial are the following: 11 U. S. St. at Large, 195; 13 U. S. St. at Large, 526; 14 U. S. St. at Large, 97; Laws, 1855, *c.* 27; Laws, 1857, Ex. Sess. *c.* 1; Laws, 1858, *c.* 72; Laws, 1860, *c.* 82; Sp. Laws, 1862, *c.* 19. When defendant rested, plaintiff moved for judgment, which was denied. Defendant then moved for judgment and, the court intimating its intention to grant this motion, plaintiff obtained leave to offer rebutting testimony, and introduced evidence to prove that the land in question was actually within the ten-mile limits of plaintiff's land-grant according to the government surveys and the located line of plaintiff's railroad, and that the commissioner of the general land-office had found defendant's declaratory statement invalid as being in conflict with the withdrawal for the benefit of plaintiff.

The list of lands certified by the state auditor to the register of deeds of Lyon county (put in evidence by plaintiff, and mentioned in the opinion,) was in the following form:

LYON COUNTY.

| PARTS OF SECTION | SECTION. | TOWNSHIP. | RANGE. | ACRES. | 100THS. | REMARKS. |
|---|---|---|---|---|---|---|
| N. E. ¼ ........ | 11 | 109 | 41 | 160 | .... | .... |
| S. ½ of N.W. ¼ and N. E. ¼ of S.W. ¼ ...... | " | " | " | 120 | .... | .... |

The land in question in this action is the south half of the northwest quarter, and the northeast quarter of the southwest quarter, of section eleven, in township 109 north, of range 41 west. The descriptions in the list certified to the state, and in the governor's deed, were made in the same way as above.

*Wilson & Gale*, for appellant.

*C. R. Davis* and *Sumner Ladd*, for respondent.

Although the certified list of the state auditor under our statute constitutes *prima facie* evidence of title, the descriptions in the lists and deed in this case are fatally defective. It is not sufficient to designate section township, and range by inverted commas.

BERRY, J.    This is an action in the nature of ejectment, in which the plaintiff seeks possession of 120 acres of land in Lyon county. Defendant's claim of title rests upon a pre-emption entry; plaintiff's, upon a federal grant made by an act of congress approved March 3, 1865, (13 U. S. St. at Large, 526,) to aid in the construction of a railroad (among others) from Winona to the Big Sioux river, as the same is supplemented by an act of July 13, 1866, (14 U. S. St. at Large, 97.)

To establish its title, plaintiff introduced in evidence (1) a copy, certified by the state auditor, of a certificate from the interior department of the general government, dated March 13, 1874, certifying to the state a list of lands (embracing the tract in controversy) as being "within the ten-mile limits granted to the state of Minnesota by the act of congress approved the 3d of March, 1865, to aid in the construction of the Winona & St. Peter railroad;" (2) a deed executed by the governor of this state, dated May 30, 1874, conveying the land in contest to plaintiff, and containing full recitals showing plaintiff's performance of all things requisite to authorize the execution of the same; (3) a copy, certified by the register of deeds of Lyon county, of a list of lands certified by the state auditor, and filed in said register's office, pursuant to Gen. St. 1878, *c.* 40, §§ 39–42, inclusive.    This list is certified by the state auditor as being a list of lands certified to the state by the interior department, and by the state conveyed to the plaintiff.    Plaintiff also called attention to acts of congress and of the legislatures of the territory and state of Minnesota, relating to itself and its land-grants.

By Gen. St. 1878, *c.* 40, § 41, the list filed with the register of deeds, being that thirdly above mentioned, is made "*prima facie* evidence of the title" of the plaintiff to the lands therein described. The certification of the interior department, as evidenced by the certified copy firstly above mentioned, shows how the state acquired its title, to wit, under the congressional grant of March 3, 1865, and that the land is within the ten-mile limits of the grant, and therefore what is well known as land in place.    The governor's deed, containing recitals such as are proper to show his authority to convey and to make his deed intelligible, (see *Goenen* v. *Schroeder*, 18 Minn. 66;

*Messerschmidt* v. *Baker*, 22 Minn. 81,) shows how the state's title passed to the plaintiff. From all this it appears that the plaintiff has made out a *prima facie* title under the congressional grant of March 3, 1865. The doctrine so often reiterated by the supreme court of the United States—*Schulenberg* v. *Harriman*, 21 Wall. 44; *Leavenworth, etc., R. Co.* v. *United States*, 92 U. S. 733; *Missouri, Kansas & Texas Ry. Co.* v. *Kansas Pac. Ry. Co.*, 97 U. S. 491; *Grinnell* v. *Railroad Co.*, 103 U. S. 739; 9 Atty. Gen. Op. (Black,) 254—is that a federal grant of lands in place to aid in the construction of railroads is a grant *in præsenti* (or, as it is sometimes stated, of an interest *in præsenti*) in the nature of a float, which acquires precision by the definite location of the route of the railroad in aid of which the grant is made; and that, when such precision is acquired, and the lands are indicated by the secretary of the interior, (as in this case,) by the certification prescribed by section three of the act of congress of July 13, 1866, such act of indication and certification relates to the date of the original grant, and the title of the state accrues as of that date. And when the state conveys to the railroad company, the latter takes a title which passed out of the general government as of the same date; that is, of the date of the original grant. Applying these doctrines to this case, the result is that the list thirdly before mentioned, being that filed with the register of deeds of Lyon county, is *prima facie* evidence of a title to the land in controversy which passed out of the United States as of March 3, 1865, and to which the plaintiff has succeeded under the governor's deed, executed in pursuance of the laws of this state.

Defendant's title rests upon a pre-emption settlement and entry. This settlement was made in May, 1868; his entry on June 1, 1872. The certificates which he introduced showing these facts are by Gen. St. 1878, c. 73, §§ 91, 92, made *prima facie* evidence of his title in fee. As a matter of course they are *prima facie* evidence of his title under his pre-emption settlement and entry. They are, therefore, evidence that his pre-emption right commenced in May, 1868, and was consummated in June, 1872.

The *prima-facie* title which the plaintiff has established is a title which accrued to the state as of March 3, 1865, and to which the

plaintiff has succeeded. The case is thus one to which the maxim, *qui prior in tempore potior est in jure,* applies. The plaintiff's title antedates that of the defendant. It is an elder title derived from the same source from which defendant claims to have obtained his title. It must, therefore, take precedence, for it shows that, before defendant had acquired his pretended pre-emption title, the United States had divested itself of the title to the land in controversy, by a grant to the state, to the benefits of which the plaintiff has succeeded. 9 Op. Atty. Gen. (Black,) 254; *French* v. *Fyan,* 93 U. S. 169.

It follows that upon the evidence the plaintiff was entitled to a finding in its favor, and to judgment accordingly. The fact that the plaintiff, upon the denial of its motion for a judgment, was compelled, or deemed itself compelled, to introduce further evidence, which, even if it was insufficient to establish its title, in no way tended to show that it had not acquired title, does not affect the result to which we have arrived. As, upon our construction of the effect of the evidence introduced by plaintiff, it is possible that defendant may desire to take steps which he deemed to be unnecessary, upon the theory of the trial court, we award a new trial, though, upon the findings as they now stand, we see no reason why the plaintiff would not be entitled to judgment for the possession of the land in controversy.

Order reversed, and new trial awarded.