## WILLIAM A. ALDRICH v. CIRCUIT JUDGE FOR CLINTON COUNTY.

*Re-instatement of appeal after filing transcript.*

An appeal from a justice's judgment, after being dismissed for non-payment of the entry-fee, may be re-instated in the discretion of the circuit judge upon satisfactory excuse for the default and notwithstanding the fact that a transcript of the judgment has been filed meanwhile and execution issued thereon. *Davison v. Elliott* 9 Mich. 252, distinguished.

MANDAMUS to require the circuit judge to vacate an order re-instating an appeal from the judgment of a justice after it had been dismissed. Submitted January 4. Denied January 10.

*H. J. Patterson* for relator. A circuit judge can dismiss an appeal from a justice absolutely: *Wiley v. Allegan Circuit Judge* 29 Mich. 487 ; and if the appeal is not perfected by payment of the entry fee he has no jurisdiction except for dismissal: *Chaffee v. Soldan* 5 Mich. 242; after a transcript of the justice's judgment has been filed in the circuit court the justice has no further control of the proceedings: 1 Green's Pr. 659-60 ; and the circuit judge can no longer grant an appeal: *Davison v. Elliott* 9 Mich. 252.

*John C. Shields* for respondent.

MARSTON, J. This case is unlike and therefore not governed by *Davison v. Elliott* 9 Mich. 252. Here the appeal had been taken in time, but the entry fee was not paid and because thereof the appeal was dismissed. The default in not paying was excused to the satisfaction of the circuit judge, and the cause reinstated. This was we think within the discretion of the court and properly exercised. The fact that a transcript had been taken and filed in the circuit court and execution issued thereon, would not prevent the remedy afforded. The case had been in the circuit, and, as now appears, improperly dismissed, and in re-instating it, there was no act required to be performed by the justice, and in this, it differs from the case relied upon.

Writ denied with costs.

The other Justices concurred.