[Filed June 10, 1885.]

## R. GLAZE v. WM. McD. LEWIS.

JUDGMENT OF JUSTICE'S COURT — REVIVOR. — A Justice's Court cannot revive a judgment so as to make it a lien on real estate.

ID. — JURISDICTION. — The Circuit Court has jurisdiction to revive a judgment of a Justice's Court, of which a transcript has been docketed in the judgment docket of the Circuit Court in accordance with section 53 of the Justice's Code.

POLK COUNTY.    Defendant appeals.    Affirmed.

*W. H. Holmes*, for Appellant.

*J. J. Daly*, and *N. L. Butler*,    Respondent.

LORD, J. — This is an appeal from the order and judgment of the Circuit Court for Polk County, granting leave to the respondent to issue execution on a docketed judgment of the Justice's Court. The question involved depends for its solution upon the construction and effect to be given to the provisions of our statute in respect to the docketing of a justice's judgment. It is provided by the Justice's Code that "whenever a judgment is given in a Justice's Court in favor of anyone for the sum of ten dollars or more, exclusive of costs or disbursements, the

party in whose favor such judgment is given may, within one year thereafter, file a certified transcript thereof with the county clerk of the county wherein such judgment is given, and thereupon such clerk shall immediately *docket the same in the judgment docket of the Circuit Court.*" (§ 53, p. 469.) "From the time of docketing a judgment of a Justice's Court, as provided in the last section, the same shall be a lien upon the real property of the defendant, *as if it were a judgment of the Circuit Court wherein it was docketed.*" (§ 54.) And "when a judgment given by a justice of the peace has been duly *docketed in a Circuit Court,* thereafter it must be enforced as a judgment of such Circuit Court." (§ 61.) The appellant contends that the effect of these provisions in providing for the docketing of a justice's judgment is only to create a statutory lien, and not to make such judgment, when docketed, in effect a judgment of the Circuit Court; and as a consequence, he claims that when the lien has expired by lapse of time, the effect of the docketing is gone, and the judgment lapses into its former condition of a justice's judgment, which the Circuit Court is without jurisdiction to revive; but that if such judgment can be revived at all, it must be done by the Justice's Court. It is quite certain that a Justice's Court is without the power to revive a judgment so as to create a lien. Its judgments only have this effect when docketed as prescribed by the sections cited, and if the argument insisted upon is tenable when the lien expires, the judgment cannot be revived.

The provisions of the sections referred to are, in substance, that when such judgment is docketed "the same shall be a lien, etc., as if it were a judgment of such Circuit Court," and " thereafter it must be enforced as a judgment of such Circuit Court." The words "as if it were a judgment of such Circuit Court" seem intended to place such a judgment, when docketed, upon the same footing in all respects, as to the lien creditor, with a judgment of the Circuit Court. And as, "thereafter, it must be enforced as a judgment of such Circuit Court," it would seem, when docketed, to· have the same effect as a judgment of the Circuit Court. Under a statute providing that "such judgment

shall have the same effect as a judgment rendered in the Circuit Court, and may in the same manner be enforced," etc., it was held that a transcript properly certified, filed, and docketed, renders the judgment thus transcribed and certified a judgment of a court of record from the time of such filing and docketing; thus changing in some degree its nature, and very materially the rights, powers, and liabilities of the parties to it. (*Jewett* v. *Bennett,* 3 Mich. 199, 200.) When docketed in the Circuit Court it has the same effect as a judgment rendered in that court, and is to be enforced, canceled, or discharged, and is affected by the Statute of Limitations in the same way. (*Arnold* v. *Thompson,* 19 Mich. 333; *Davison* v. *Elliott,* 9 Mich. 252.) It is from the date of the docketing of a judgment of the Circuit Court that it becomes a lien upon the real property of the defendant. (Civ. Code, § 266.) And when a properly certified transcript of a judgment of a Justice's Court is filed and docketed "in the judgment docket of the Circuit Court," the same becomes a lien upon the real property of the defendant from the date of docketing such judgment, and it stands upon the same footing as a judgment of the Circuit Court. When, therefore, it was sought to revive the judgment, the Circuit Court had jurisdiction in the premises, and the application for leave to issue execution was properly made to it.

There was no error, and the judgment must be affirmed.