Argued May 6, affirmed May 26, 1914.

## GAYLORD v. CARROLL.

(142 Pac. 357.)

**Public Lands—Lands of United States—Homestead.**

Where a homestead entryman during his life complied with all the requirements of law, including the final proof which Revised Statutes of the United States, Section 2291 (U. S. Comp. Stats. 1901, p. 1390), requires to be made by the entryman, or, if he be dead, by his widow or heirs or devisees, he secured an interest in the land which ripened into an equitable estate when, after his death, the receiver's certificate was issued, and into a legal title when the patent was issued in his name, which estate and title related back to the date of his final proof and descends to his heirs.

[As to succession to rights of homesteader on his death before perfection of title, see note in Ann. Cas. 1912C, 696.]

From Baker: GUSTAV ANDERSON, Judge.

In Banc.    Statement by MR. JUSTICE MOORE.

This is a suit to determine an adverse interest in real estate. The material averments of the complaint are to the effect that the plaintiff, Hazel D. Gaylord, is the owner in fee of a particularly described tract of land in Baker County, Oregon, which premises are unoccupied; and that the defendants, Serene J. Carroll and Carrie, his wife, and Charles C. Carroll and May, his wife, assert an adverse interest in the real property. The prayer of the bill is that the defendants be required to set forth any interest they have or either of them claims in the premises, and that such interest be decreed invalid.

The answer denied the material averments of the complaint, and for a further defense alleged in substance: That the real property referred to was the homestead of Joseph E. Carroll, who resided on the premises and performed all the acts necessary to perfect his right thereto. That he made final proof

70 Or.—31

in support of his entry October 19, 1911, and died intestate February 7, 1912. That there was issued in his name a final certificate July 26, 1912, and a patent for the land on the 14th of the following October. That since his death his widow, Sarah A., has died, and her dower estate in the real property was thereby extinguished. That the plaintiff is the stepdaughter of such entryman and has no interest in the premises. That the defendants Serene J. and Charles C. Carroll are the sons and only heirs of Joseph E. Carroll, deceased, and that they are the owners in fee of the land.

The reply denied the material allegations of the new matter in the answer, and further averred in effect: That, after the death of Joseph E. Carroll, his widow, Sarah A., who was a citizen of the United States, was appointed administratrix of his estate, but before the settlement thereof she died intestate, leaving surviving as her only heir the plaintiff herein, to whom she devised and bequeathed all her real and personal property, except a gift of $200. That, the final proof not having been approved until after the entryman's death, his widow thereupon became entitled to the homestead in her own right, and, she having died intestate, the real property passed by devise to the plaintiff, who is the owner of the premises. A demurrer to the reply was sustained, and, the plaintiff declining further to plead, the court determined that the defendants were the owners in fee of the land and entitled to the immediate possession thereof. From this decree the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. James D. Slater.*

For respondents there was a brief over the names of *Mr. R. J. Kitchen* and *Messrs. Cochran & Eberhard,* with oral arguments by *Mr. Colon R. Eberhard* and *Mr. Kitchen.*

MR. JUSTICE MOORE delivered the opinion of the court.

The question to be considered is whether or not Joseph E. Carroll, who had resided upon and cultivated the land specified in his homestead entry the prescribed length of time, and who within the period limited therefor had submitted at the proper local land office due proof of such facts, though no final certificate was issued in his lifetime to evidence his compliance with the requirements of the act of Congress approved May 20, 1862, "to secure homesteads to actual settlers on the public domain," and the acts supplemental thereto, thereby obtained such an equitable interest in the premises as would pass to his heirs, upon his death intestate when he left a widow surviving.

A clause in the homestead law, prescribing the manner in which an entryman, who has complied with the provisions of such enactment, may secure the ultimate evidence of his right to a tract of public land and of a transfer of the legal title thereto, reads:

"No certificate, however, shall be given or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow.; or in case of her death, his heirs or devisee; or in case of a widow making such entry, his heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and

makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law'': Rev. Stats. U. S., § 2291 (U. S. Comp. Stats. 1901, p. 1390; 6 Fed. Stats. Ann. 292).

In referring to the provision quoted and to the following clause of the enactment, Mr. Justice FIELD, in *Bernier* v. *Bernier,* 147 U. S. 242, 246 (37 L. Ed. 152, 13 Sup. Ct. Rep. 244, 245), remarks:

''The object of the sections in question was, as well observed by counsel, to provide the method of completing the homestead claim and obtaining a patent therefor, and not to establish a line of descent or rules of distribution of the deceased entryman's estate.''

It will thus be seen from an examination of Section 2291, *supra,* that a duly qualified widow of an entryman, who, under the homestead law, has made final proof, succeeds to his right when she ''proves by two credible witnesses'' the particular facts specified. As a legitimate inference from the expression so employed, it would necessarily seem to follow that if, as in the case at bar, the widow was not required to prove such facts or to take the oath specified, because the entryman in his lifetime had submitted the evidence thereof, she would not be entitled to the land or more than a dower estate therein, unless she was his legal heir.

A homestead claim is initiated when a person applying for a tract of unappropriated public land, not exceeding 160 acres, makes before the register or receiver an affidavit as to his qualifications and pays the officer the fees required for that purpose: Rev. Stats.

U. S., § 2290 (U. S. Comp. Stats. 1901, p. 1389; 6 Fed. Stats. Ann. 290). When thus inaugurated, the claim is completed by proving, before the expiration of seven years from the date of the entry, that the claimant has resided upon and cultivated the land for a term of five years immediately succeeding the filing of his original affidavit and also making an additional affidavit stating the facts as hereinbefore specified. If, before submitting such evidence, the entryman die, leaving no widow, his heirs or devisee may complete the homestead claim by making the required proof: Rev. Stats. U. S., § 2291. In the absence of a surviving widow, the enactment referred to having authorized the person to whom the homestead claim is given by last will, or, if the entryman die intestate, permitted the persons who would succeed by rules of law, to an estate in lands of which the claimant died seised, to make the required proof, is a recognition by Congress that the entryman had an equitable interest in the premises upon which he had settled. Whether or not such interest is only a privilege which the entryman's widow, if qualified, can exercise by completing the homestead claim and obtaining a patent, or, if no widow survive, his heirs or devisee may assert by submitting the requisite proof for such purposes as favored purchasers from a generous government, is not now necessary to inquire.

Completing the homestead claim by a widow, heir, or devisee or an entryman means the performance of some act on the part of such person, essential to a compliance with some unfulfilled requirements of the act of Congress or the rules of the General Land Office regulating the mode of procedure. In the case at bar, the entryman had observed all such demands by

making the requisite proof, thereby leaving for his surviving widow no duty to perform in this respect.

In *Strain* v. *Hostotlas,* 17 Land Dec. Dept. Int. 293, it was ruled that a widow of a deceased homesteader, having submitted final proof showing full compliance with the law, secured thereby the equitable title to the land involved, that any delay in the issuance of a final certificate would not affect her rights, and that, in the event of her subsequent death, the equitable title descended to her heirs. So, too, it has also been held that the sale of lands after due compliance with the requirements of law by a homesteader who paid the fees and submitted final proof, but prior to the issuance of a final certificate, did not defeat the right to a patent: *In re Querbach,* 10 Land Dec. Dept. Int. 142; *Bashford* v. *Clark,* 22 Land Dec. Dept. Int. 328; *Dittmer* v. *Wolfe,* 25 Land Dec. Dept. Int. 137.

In an able dissenting opinion in the case of *Eckert* v. *Schmitt,* 60 Wash. 23, 30 (110 Pac. 635, 638), Mr. Justice CHADWICK, referring to an entryman or his wife, who, under the homestead law of the United States, was entitled to the land settled upon, says:

"The federal statute fixes the title in the one who made the proof under it."

In *Doran* v. *Kennedy,* 122 Minn. 1, 5 (141 N. W. 851, 852), a homestead entry having been commuted to a cash purchaser and final proof submitted by the claimant, who, complying with all the requirements of the law, died before the receiver's certificate was issued in his name, it was held that he was to be regarded as the equitable owner of the land which formed a part of his estate and descended in accordance with the laws of the state. In deciding that case Mr. Justice HALLAM says:

"When the right to a patent has once become vested, it is equivalent, so far as the government is concerned, to a patent actually issued. The execution and delivery of the patent after the right to it is complete are the mere ministerial acts of the officer charged with that duty."

It has been held by this court, as consonant with the rule generally prevailing in other states, that though a claimant of public land may have complied with all the requirements of law, so as to entitle him to a patent for the real property, he does not have such an estate therein as to render the premises subject to taxation until the final receipt has been issued: *Johnson* v. *Crook County,* 53 Or. 329 (100 Pac. 294, 133 Am. St. Rep. 834). This precept is based on the principle that the levy of a tax upon real property, undertaken to be obtained from the United States, is a proceeding *in invitum,* and, before such exaction can become a lien upon the land, an equitable estate therein must have been created by the issuance of a final receiver's receipt. The decree rendered herein was evidently not prejudicial to the entryman's right, since the title to his homestead was determined by the trial court to have been inherited by his lineal descendants.

It is believed that when Joseph E. Carroll fully performed all the conditions imposed upon him by law, which ultimate prerequisite consisted in making the final proof in support of his homestead entry, he thereby secured in the land an interest, which ripened into an equitable estate in the premises when, after his death, the receiver's certificate was issued, and that such estate matured into a legal title when the patent was issued in his name, and that such equitable estate and legal title upon the broad principles of equity and in furtherance of justice related back at least to Oc-

tober 19, 1911, when he submitted the final proof: *Johnson* v. *Crook County,* 53 Or. 329 (100 Pac. 294, 133 Am. St. Rep. 834).

Believing that a proper conclusion was reached by the trial court and was based upon and justified by the answer herein, no error was committed in sustaining the demurrer to the reply.

It follows that the decree should be affirmed; and it is so ordered.                         Affirmed.