MARTIE et al. v. MARTIE et al.

No. 35923.

Supreme Court of Oklahoma.

April 6, 1954.

Rehearing Denied June 8, 1954.

P. D. Erwin, Chandler, for plaintiffs in error.

M. A. Cox, Chandler, J. T. Criswell, Prague, for defendants in error.

ARNOLD, Justice.

Plaintiffs, the surviving widow and children of Antonio M. Martie, deceased, brought this action in the District Court of Lincoln County against defendants Anna L. Freeman, Ernest Martie, Billie Fell, and the named heirs of Amelia Winkleman, deceased, to establish a trust in certain lands now held by said defendants and establish their ownership therein. Separate demurrers of defendant to the petition were sustained; plaintiffs elected to stand on their petition and bring this appeal.

The petition alleges that during his lifetime Anton Martie "made homestead entry upon, final proof thereunder and final payment for" a described quarter section of land in Lincoln County; that in the year 1899, the exact date being unknown to plaintiffs, Anton Martie died intestate leaving as his sole and only heirs Rosa Martie, widow, and five children, to wit: Albert Martie, Ernest Martie, Anna L. Freeman, Amelia Winkleman, and Hattie Ambler; that thereafter a patent to said land was issued by the United States to Rosa Martie as widow of the said Anton Martie (which patent is not attached to the petition but is referred to by book and page of the records of the County Clerk and incorporated by reference and no date of the issuance of said patent is given); that thereafter in February, 1939, Albert Martie died intestate leaving as his heirs his widow and three children, one of whom was still a minor at the time of filing this suit; that after the death of Anton Martie (the homestead entryman) his widow, Rosa, married one Behrut by whom she had a daughter, Billie (one of the named defendants) and after his death married one Maley who died prior to the death of Rosa Martie Behrut Maley; that Rosa and her son Albert Martie continued in the possession and resided upon the east half of said quarter section until the death of Albert in 1939; that after the death of Albert his widow and children continued to reside on the premises until July, 1939; that by

reason of said facts Rosa Martie held the legal title on said premises in trust for the heirs of Anton Martie, including the plaintiffs; that with knowledge of all these facts the defendants for the purpose of defrauding the plaintiffs as heirs of Albert Martie of their interest in said premises in March, 1939, obtained certain deeds from Rosa Martie Behrut Maley whereby Anna L. Freeman, Ernest Martie, Amelia Winkleman, and Billie Behrut Fell each received a specifically described 20-acre portion of the east half of said quarter section; these deeds were recorded in April and May, 1939, and are referred to by book and page of the records of the County Clerk but are not attached to the petition; that these deeds should be cancelled; that each of these deeds was made without consideration; that Rosa Martie Behrut Maley died intestate in 1949, leaving as her sole and only heirs, four children: Ernest, Anna, Amelia, and Billie, and the heirs, her grandchildren, of two deceased children, to wit: plaintiffs, the heirs of Albert, and the heirs of Hattie Ambler; that thereafter in 1950 Amelia Winkleman died leaving as her heirs children and grandchildren who are set out in the petition; that each and all of said defendants claim some right, title and interest in the premises but that they have no interest except as stated and they should appear and set up whatever claim they have; for second and alternative cause of action plaintiffs allege that their father, Albert Martie, made a home and provided the necessities of life for his mother, Rosa Martie Maley, for many years before his death and she lived with her son and his family on the premises; that after his death in an automobile accident in 1939 Rosa Martie Maley had no one upon whom she could depend for a home and the necessities of life; that she was then nearly 80 years of age, had a very poor memory and was mentally incompetent to handle and manage her own affairs without assistance; that within a month after the death of Albert Martie the defendants requested and demanded that Rosa Martie divide the premises and convey equal parts thereof to her four living children and prevent the plaintiffs and the heirs of Hattie Ambler, deceased, from receiving their just portion; that said defendant or one or more of them acting on behalf of all threatened Rosa Martie that if she did not so convey the property they would not provide for her during the remainder of her life; that Rosa Martie was then in a helpless condition, had no independent advice and was not mentally capable of protecting her own rights against such threats and demands; that defendants represented that if such conveyances were made they would provide a home for her with them and all the comforts of life; that she believed and relied on such statements not knowing same were false and untrue; that no consideration was paid for said deeds; that defendants did not provide a home with themselves for Rosa Martie during the remainder of her life nor furnish the necessities of life to her; that they placed her with strangers immediately thereafter and she lived with such other parties practically all of the time to her death; that Rosa Martie obtained an old age pension which was used to pay the third parties with whom she lived during the remainder of her lifetime; that defendants wholly failed to comply with their agreement to support their mother; and prayed that plaintiffs be declared the heirs of Anton Martie, deceased and the owners of a one-fifth interest in said east half of said quarter section; that the court decree that defendants are holding the title to said east half of said quarter section in trust for plaintiffs; that the deeds above mentioned be cancelled; and in the alternative that the deeds be cancelled and plaintiffs be declared to be the heirs of Rosa Martie and entitled to a one-sixth interest in the property. By amendment to the petition plaintiffs alleged that none of the facts plead in the petition were discovered until less than two years prior to bringing the action; that the deceased owners of said premises never repudiated the trusts or notified plaintiffs they were claiming such property free of said trusts; that one plaintiff is still a minor and another plaintiff commenced this action with-

in less than one year after attaining her majority; and renewed the prayer of the petition.

Plaintiffs allege as error that the petition states facts sufficient to show that Rosa Martie received the patent as trustee for herself and the children of the entryman; that the alternative cause of action states facts sufficient to show a breach of contract to support Rosa Martie on the part of the defendants who received the deeds; that the cause is not barred by the statute of limitations because the action was begun by one minor within one year after attaining her majority and another plaintiff is still a minor; that no repudiation of the trust was made by Rosa Martie until she gave the deeds in 1939 and fifteen years had not yet run; that all the plaintiffs had capacity to maintain this action.

■ A homestead claim is completed by proving, before the expiration of seven years from the date of entry, that the claimant has completed all the residence and cultivation requirements of the law. R.S. 2291, 43 U.S.C.A. § 164. If before submitting the required proof the entryman dies his widow may·make such proof and she receives the patent in her own name, free of any claim of the children, if any. Id.; McCune v. Essig, 199 U.S. 382, 26 S.Ct. 78, 50 L.Ed. 237; Hays v. Wyatt, 19 Idaho 544, 115 P. 13, 34 L.R.A.,N.S., 397. In case there is no widow the minor children have the preferential right; if there be no minor children, then to the devisee or to the heirs. In such case the widow, children, or heirs as the case may be take as purchasers and not as heirs of the deceased. Gjerstadengen v. Van Duzen, 7 N.D. 612, 76 N.W. 233, 66 Am.St.Rep. 679; Stoll v. Gottbreht, 45 N.D. 158, 176 N.W. 932. If an entryman dies after making final proof and thereafter the final certificate. and the patent are issued in his name the grant is not void for want of a grantee but he is regarded as having an equitable estate in the land which descends in accordance with the laws of the state. Doran v. Kennedy, 122 Minn. 1, 5, 141 N.W. 851. The entryman obtains an equitable estate in the land when the receiver's final certifi-

cate is issued to him. Gourley v. Countryman, 18 Okl. 220, 90 P. 427, and cases therein cited; Gaylord v. Carroll, 70 Or. 481, 142 P. 357. He has only an inchoate right of possession until he makes final proof and receives the final certificate. Id.; Crist v. Cosby, 11 Okl. 635, 69 P. 885. In case of death of an entryman without a surviving widow it is the practice of the Land Department of the Interior to issue patents in the name of the heirs and devisees generally, leaving it to the local courts to determine who are the devisees or heirs and the extent of their respective interests. Huls Case, 9 Land Dec.Dept.Int. 401; Hays v. Wyatt, supra.

■ In this case we have only the allegation that the deceased made entry upon, final proof thereunder and final payment for the described lands. There is no allegation that he did everything necessary for him to do in order to obtain a patent; or that the final proofs submitted by him were sufficient; or that a final receiver's certificate was issued to him or in his name (which certificate is prima facie evidence of an equitable claim on the government for a patent, Guaranty Sav. Bank v. Bladow, 176 U.S. 448, 20 S.Ct. 425, 44 L.Ed. 540). The allegation is that the patent was issued to Rosa Martie as his widow. The issuing of a patent involves a finding that the patentee is the same person who applied to enter the land, which finding is conclusive in collateral proceedings. Redwater Land & Canal Co. v. Reed, 26 S.D. 466, 128 N.W. 702. We must therefore conclude under the allegations in the petition that Rosa Martie must have made application for the patent under her preferential right as deceased's widow because the patent was issued to her as deceased's widow. Otherwise the patent would have been to the heirs of deceased or in deceased's name. She therefore took by purchase and not as trustee for the heirs. The citation of the note appended to Cobb v. Stewart, 4 Metc., Ky., 255, 83 Am.Dec. 465, contained in plaintiff's brief, involves decisions under a Texas homestead statute for the benefit of soldiers who fought for Texas and concerns applications for pat-

ents made by administrators, executors, or one heir for the benefit of all. It is not in point here.

Rosa Martie therefore owned the land in fee simple, not as tenant in common with the children and holder of the legal title in trust for them.

■ The alternative cause of action seeks cancellation of the deeds given by Rosa Martie on the grounds of failure of consideration and undue influence. Whatever rights plaintiffs have they take by inheritance from Rosa Martie. In an action for the recovery of land based upon the cancellation of a deed procured by fraud the two-year statute of limitations is applicable. Tomlin v. Roberts, 126 Okl. 165, 258 P. 1041. (In that case misrepresentations of fact were made to obtain the deed undue influence was alleged and no consideration was paid.) The deeds were made in 1939; Rosa Martie lived until 1949 and never sought to have the deeds cancelled. She was barred by the two-year statute of limitations to seek cancellation on the grounds of fraud. The allegations of the petition that at the time Rosa Martie made the deeds "she was then in a helpless condition, had no independent advice and was not mentally capable of protecting her own rights against such threats and demands" are not, in our opinion, sufficient to allege such mental incompetency as to toll the running of the statute of limitations against her. There is no allegation that such incompetency continued until her death. If for sake of argument we say they are sufficient to allege incompetency on the part of Rosa Martie, and that such incompetency must have continued to her death, plaintiffs are still barred for they did not bring this action until more than two years after her death. The allegation that the plaintiffs did not learn of the fraud until less than two years prior to the institution of the action is of no avail. The petition shows that the deeds had been of record ever since 1939 and the means of discovery of the fraud were at their hands. Also the petition shows that Rosa Martie went out of possession in 1939. Nor does the fact that some of the plaintiffs are minors toll the running of the statute. Disability cannot be tacked onto disability. See Martin v. Goodman, 126 Okl. 34, 258 P. 871, 53 A.L.R. 1298.

On neither count does the petition state facts sufficient to constitute a cause of action.

Affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.