THEISEN, Respondent, v. QUALLEY et al., Appellants.

(175 N. W. 556.)

(File No. 4602. Opinion filed December 16, 1919.)

1. **Appeals—Settled Record, Settlement of, Discretion Re Extending Time For, Jurisdiction Re—Statute—"Good Cause," Appellate Review Re.**

Supreme Court has uniformly held (commencing with Mc-Gillicuddy v. Morris, 7 S. D. 592) that, under what is now Sec. 2559 Rev. Code 1919, trial court was without jurisdiction to grant extension of time for settling record except "upon good cause shown," and that decision of trial court re " good cause" was reviewable by Supreme Court.

2. **Appeals—Settling Record, Long Delay Re—Attorney's "Ordinary Work" as Excusable Neglect, Futility—Desire to Move for New Trial, As Ground, Futility—Record Stricken.**

Where appellants delayed until time for appeal had nearly elapsed and some nine months after time when, if no extension of time had been granted under Sec. 2546, Rev. Code 1919, concerning settlement of record, appellants should have filed proposed record,——before an application was made for extension of time therefor, and then only for reason that appellant's attorney, "in doing the ordinary work of his business," failed to procure applications for orders extending time, etc., as grounds therefor, no showing being made that facts existed warranting such extension, and affidavit of appellants' counsel stating that they, so far as he knew, "have desired to have motion made for new trial," held, there was not only failure to show "good cause" for granting such extension, but no cause for extending time except necessity therefor for procuring record re new trial; and the "settled record" is stricken.

3. **Appeal—Error—Findings, Sufficiency of, Presented on Judgment Roll—Motion for New Trial, Whether Necessary.**

Sufficiency of findings to support conclusions and judgment can be presented on judgment roll; and no motion for new trial is necessary.

4.  **Quieting Title—Will of Inchoate Federal Homestead to Heir, Final Proof By, Patent To, Heir as "Heirs or Devisees"— Devisee in Possession and Paying Taxes, Title Through Adverse Possession Under Color of Title—Devisee as Adverse Co-tenant—"Color or Title," Patent and Will as Constituting.**

     One T, while holding a federal homestead, willed same to a designated heir, and died without having made final proof, and leaving no husband, but leaving several children beside devisee, who made final proof and received patent in which grantee was designated as the "heirs or devisees of T," he having since been in continuous possession and occupancy claiming title under the will and title, having paid all taxes. Held, that devisee acquired title through adverse possession under color of title; the adverse contention of other children that they and devisee were co-tenants, hence devisee's possession could not be adverse, being untenable, possession of a co-tenant being adverse where he claims the whole estate; and a finding that he held possession "claiming title thereto" was in effect one that he claimed the whole estate. Held, further, that the patent to "heirs and devisees," in connection with the will naming grantee as sole "devisee," constituted "color of title."

5.  **Wills—Title to Realty—Federal Homestead Statute, Devisee as Preferential Versus Heirs—Federal Statute, Devisee's Rights Under.**

     Under U. S. Rev. Stat., Sec. 2291, concerning patents to federal homestead lands, a devisee is entitled to patent in preference to those who, had there been no devisee, would have been entitled to patent as heirs; since there can be no heirs where there is a devisee.

6.  **Real Property—Adverse Possession Under Limitations Statute, "Color of Title" As Basis—Defective Instrument as "Color of Title."**

     As basis for title through adverse possession under statutes of limitations, "color of title," is that having semblance of title but which is in fact no title; since generally any instrument, however defective or imperfect, and for whatever cause invalid, purporting to convey and showing extent of tenant's claim, may be "color of title."

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Nicholas Theisen against Sophie L. Qualley, and others, to quiet title to realty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Bartine & Bartine, and A. K. Stauning,* for Appellants.

*Brown & Brown,* for Respondents.

(3) To point three of the opinion, Appellant cited: Secs. 2291-2, U. S. Rev. State.; Sec. 636, Subd. 1, Rev. Code 1919; 6 U. S. Stat. Annotated, 292, note; Bernier v. Bernier, 147 U. S. 242.

Respondent cited: U. S. Rev. Stat., Secs. 2291-2.

(4) To point four, Appellant cited: U. S. Rev. State., Sec. 2291; Gjersladengen v. Van Duzen (N. D.), 76 N. W. 234; Smith v. Olmstead, 12 L. R. A. 46.

Respondent cited: Hays v. Wyatt (Idaho), 115 Pac. 13, 34 L. R. A. (N. S.) 397; Demars v. Hickey (Wyo.), 80 Pac. 521.

(5) To point five, Appellant cited: 2 Cyc. 493-4; Barrett v. McCarty (S. D.), 104 N. W. 907.

WHITING, J. [1, 2] Appellants assign the insufficiency of the evidence to support certain findings, as well as the insufficency of the findings to support the conclusions and judgment. For the consideration of the first a settled record, containing specifications of the particulars wherein the evidence was claimed to be insufficient to support the findings, was essential. Respondents have moved this court to strike out and hold for naught the record as settled by the trial court. They base such motion upon the ground that the trial court abused the discretion in it vested when it granted an extension of the time within which plaintiff might procure a settlement of the record. Commencing with the decision in McGillycuddy v. Morris, 7 S. D. 592, 65 N. W. 14, and continuing down to the decision in Sherin v. Eastwood, 32 S. D. 95, 142 N. W. 176, this court has uniformly held that under what is now section 2559, Rev. Code 1919, the trial court was without jurisdiction to grant an extension of time for settling a record except "upon good cause shown," and that the decision of a trial court upon the question of "good cause" was reviewable by this court. It was not until the time for appeal had nearly elapsed and some nine months or more after the time when, if no extension of time had been granted under section 2546, Rev. Code 1919, appellants should have filed a proposed record, that any step was taken on their behalf to get an extension of the time for settlement of record. The

24—Vol. 42, S. D.

only reasons offered on behalf of appellants to excuse their neglect was that their attorney, "in doing his ordinary work of his business * * * failed to keep applications for orders extending the time to take steps for a new trial." There is no showing that any application had ever theretofore been made or that facts ever existed that would have warranted the granting of such an application. Furthermore, the trial court could not know that counsel had authority to make the application for extension of time, the affidavit of counsel stating that "defendants, so far as he knows, have desired to have a motion made for a new trial." There was therefore not only a failure to show "good cause" for the granting of an extension, but there was shown absolutely no cause for extending time, except the fact of the necessity for such an extension in order for appellants to have a record upon which to base a motion for new trial. The "settled record" should be and is stricken.

[3] This leaves for our consideration the question of the sufficiency of the findings to sustain the conclusions and judgment—a question that can be presented without any motion for new trial and upon the judgment roll.

The facts found are, in brief, as follows: This action was commenced in 1918. One T. made homestead entry on a certain tract of land. She thereafter executed a will wherein she devised all her property, "including the homestead entry," to respondent. She died without having made final proof, and leaving no husband, no minor children, but several children besides respondent. These other children and certain children of deceased children are the parties made defendants herein. T.'s will was admitted to probate. Respondent thereafter made final proof and received patent in which the grantee was designated as "the heirs or devisees of" T. This patent respondent placed of record in April, 1905. Since that tme respondent had been in continuous possession and occupancy of the land, claiming title thereto under the said will and patent, and had paid all the taxes assessed against said land from 1905 to 1917, inclusive. The youngest defendant was 32 years of age when this action was commenced. The trial court concluded that respondent is the sole and absolute owner of said land and entitled to have a

judgment quieting title in him; and judgment was entered in accord with such conclusions.

Respondent contends that he acquired title to said land through the will and patent, and cites the case of Hays v. Wyatt, 19 Idaho 544, 115 Pac. 13, 34 L. R. A. (N. S.) 397, in support of such contention. We believe there to be much merit in such contention, but appellant challenges the soundness of same, and we do not feel called upon, at this time, to pass upon the important legal propositions thus presented.

[4-6] Respondent also contends that he acquired title through adverse possession under color of title. Appellants contend that under the law they and respondent were cotenants and the possession of respondent, being that of a cotenant, could not be adverse. But no proposition is more fully settled than that the possession of a cotenant is adverse where he claims the whole estate. We think the finding that respondent held possession of the land "claiming title thereto" was in effect a finding that he claimed the whole estate in said land. Furthermore, we are of the opinion that the patent runnng to the 'heirs and devisees," taken in connection with the will naming respondent as sole "devisee," was sufficient to constitute "color of title." Under section 2291, U. S. Rev. Statutes (U. S. Comp. St. § 4532), the devisee is entitled to patent in preference to those who, if there had been no devisee, would have been entitled to patent as heirs. There can be no heirs where there is a devisee. Hays v. Wyatt, supra. As a basis for title through adverse possession under statutes of limitations, "color of title" is that which has the semblance or appearance of title, but which is in fact no title. 2 C. J. 168. As stated in 1 R. C. L. 711:

"Generally speaking, any instrument, however defective or imperfect, and no matter for what cause invalid, purporting to convey the land, and showing the extent of the tenant's claim, may be color of title."

The judgment and order appealed from are affirmed.