(April 25, 1925.)

MARY E. DANIELS and GEORGE DANIELS, Husband and Wife, ROBERT J. WOODRUFF and CHARLES R. WOODRUFF, Appellants, v. A. F. ISHAM, ELLA L. GARTIN and JAMES F. GARTIN, Respondents.

[235 Pac. 902.]

QUIETING TITLE—HOMESTEAD ENTRY—DEATH OF ENTRYMAN PRIOR TO PATENT — DEVISABLE INTEREST — PRIORITY BETWEEN HEIRS AND DEVISEES.

1. Where a homestead entryman dies testate prior to having completed the residence and cultivation required to entitle him to a patent to the land entered upon, leaving no widow, under Rev. Stats. U. S., sec. 2291, his devisee succeeds to his rights as entryman and upon completion of the fulfilment of the requirements of the homestead act becomes entitled to a patent therefor.

2. Under Rev. Stats. U. S., sec. 2291 the devisee is entitled to patent in preference to those who, if there had been no devisee, would have been entitled to a patent as heirs

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to quiet title. Judgment for defendant Isham. *Affirmed.*

---

Publisher's Note.

1. Succession to rights upon death of homesteader before perfection of title, see notes in Ann. Cas. 1912C, 696; Ann. Cas. 1916A, 891.

Rice & Bicknell, for Appellants.

An entryman under the homestead laws of the United States has no devisable interest in the lands embraced within his entry until final proof be made. (*Chapman v. Price*, 32 Kan. 446, 4 Pac. 807; *Lewis v. Litchy*, 3 Wash. 213, 28 Am. St. 25, 28 Pac. 356; *McCune v. Essig*, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. ed. 237; *Demars v. Hickey*, 13 Wyo. 371, 80 Pac. 521, 81 Pac. 705.)

A homestead entryman may make a valid devise of his entry after he has earned title thereto, when all his children are over twenty-one years of age at the time of his death. (*Hays v. Wyatt*, 19 Ida. 544, 115 Pac. 13, 34 L. R. A., N. S., 397; *Cole v. Cole*, 98 Neb. 674, 154 N. W. 248; *Mortgage & Debenture Co. v. Rhodes*, 75 Okl. 298, 183 Pac. 481; *Chadek v. Turcotte*, 275 Fed. 874; *Hall v. Russell*, 101 U. S. 503, 25 L. ed. 829.)

The intention to omit a child must appear upon the face of the will itself. (*Estate of Garraud*, 35 Cal. 336; *Estate of Salmon*, 107 Cal. 614, 48 Am. St. 164, 40 Pac. 1030; *Hill v. Hill*, 7 Wash. 33, 35 Pac. 360.)

The testator in his will refers only to "other heirs." The word "heir" is not synonymous with the word "child." "Other heirs" is indefinite and uncertain. Reference to "other heirs" in a will is not sufficient to show that the omission of a child or issue of a deceased child is intentional. (*Hickel v. Starcher*, 90 W. Va. 369, 22 A. L. R. 708, 110 S. E. 695; *Tucker v. Boston*, 18 Pick. (Mass.) 162; *Pounds v. Dale*, 48 Mo. 270; *Gage v. Gage*, 29 N. H. 533; *In re Salmon's Estate*, 107 Cal. 614, 48 Am. St. 164, 40 Pac. 1030; *Neal v. Davis*, 53 Or. 423, 99 Pac. 69, 101 Pac. 212; *Boman v. Boman*, 49 Fed. 329, 1 C. C. A. 274; *Bower v. Bower*, 5 Wash. 360, 31 Pac. 598.)

Stone & Jackson, for Respondents.

An entryman under the homestead laws of the United States, if he leaves no widow or minor child, may devise his interest in his homestead. (*Hays v. Wyatt*, 19 Ida. 544, 115

Pac. 13, 34 L. R. A., N. S., 397; *Cole v. Cole,* 98 Neb. 674, 154 N. W. 248; *Dodge Case,* 1 L. D. 47.)

The judgment of the probate court decreeing defendant Ella L. Gartin to be the sole devisee of James R. Woodruff, deceased, is final and conclusive and cannot be attacked collaterally, as is sought to be done in this action. (*Clark v. Rossier,* 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358; *Thompson v. Tolmie,* 2 Pet. (U. S.) 157, 7 L. ed. 381; *Beauregard v. New Orleans,* 18 How. (U. S.) 497, 15 L. ed. 469; *State v. McGlynn,* 20 Cal. 233, 81 Am. Dec. 118; *Ward v. Board of Commissioners,* 12 Okl. 267, 70 Pac. 378; *Byrne v. Hume,* 84 Mich. 185, 47 N. W. 679; *Gaines v. New Orleans,* 6 Wall. (U. S.) 642, 18 L. ed. 950; *Ackley v. Tinker,* 26 Kan. 485.)

The probate court had jurisdiction to admit the will to probate and to enter the judgment decreeing that Ella L. Gartin is the sole devisee thereunder. (Const., art. 5, sec. 21.)

The will was subject to contest by plaintiffs for a period of one year after it was admitted to probate. (C. S., sec. 7468.) If plaintiffs were dissatisfied with the decree of the probate court they had the right of appeal. (C. S., sec. 7173.)

BUDGE, J.—This action was brought to quiet title to certain real property in Canyon county. By way of introduction it may be stated that the pleadings admit that Mary E. Daniels and George Daniels are husband and wife, as are also Ella L. Gartin and James G. Gartin; that James R. Woodruff died on or about June 25, 1909, leaving surviving him his daughter, Ella L. Gartin, his son, Charles R. Woodruff, and a grandson and granddaughter, Robert J. Woodruff and Mary E. Daniels, respectively, surviving children of William Woodruff, then deceased, and that such parties are all the heirs at law of James R. Woodruff, deceased.

The amended complaint alleges that Mary E. Daniels, Robert J. Woodruff and Charles R. Woodruff are the owners and in possession of an undivided two-thirds interest in the land in question and that respondents claim some estate or

interest therein adverse to them, which claim is without right, and ask that title be quieted in appellants.

The amended answer filed by respondents denies appellants' ownership and right to possession and denies that respondents' claim is without right. Respondent Isham, by way of amended cross-complaint, alleges that James R. Woodruff on February 1, 1909, filed a homestead entry on the land in question which at that time was a part of the public domain, which entry was duly allowed; that he died on June 25, 1909; that prior to his death he made a will in which he devised to his daughter, Ella L. Gartin, all his interest in the land in question covered by the homestead entry aforesaid, and appointing James G. Gartin executor of such will; that the will was duly admitted to probate and James G. Gartin duly qualified as executor thereof and proceeded to improve, cultivate and reclaim the premises covered by the homestead entry and later caused final proof to be made; that thereafter a patent conveying said land to the heirs of James R. Woodruff, deceased, was issued by the United States; that on or about May 16, 1914, decree of distribution was made in the matter of the estate of James R. Woodruff, deceased, whereby Ella L. Gartin was decreed to be the sole devisee of said deceased and the property distributed accordingly; that no contest was ever instituted against said will and no appeal was taken from the decree of distribution, and the time for such appeal expired long prior to the commencement of this action; that all of the appellants had attained their majority prior to the time the decree was made and entered; that in order that the executor, Gartin, might comply with the homestead laws relating to cultivation, improvement and reclamation of the land covered by the homestead entry so as to make final proof, the cross-complainant advanced to him the sum of $5,000, which was used for that purpose; that to secure the payment of the $5,000 advanced to the cross-complainant as aforesaid, respondents Ella L. Gartin and James G. Gartin made, executed and delivered to him their promissory notes secured by a mortgage on the land; that thereafter the mortgage was foreclosed and the

property bid in by the cross-complainant at sheriff's sale; that no redemption was had and the sheriff's deed was issued to the cross-complainant, under which he claims his title and right to possession; that he is entitled to an equitable lien by reason of the moneys advanced and used as aforesaid and also by reason of the payment of approximately $2,000 for taxes, construction charges and water assessments, and asks that title be quieted in him.

Appellants' answer to the amended cross-complaint denies specifically the material allegations thereof, admitting, however, the execution of the will but denying its validity. It also admits the alleged probate proceedings but alleges that the same are void for want of jurisdiction.

Upon the issues thus framed the cause was tried to the court sitting without a jury. Findings of fact and conclusions of law were made and filed and judgment was entered in favor of respondent Isham on his amended cross-complaint, quieting the title to the premises in him, from which judgment this appeal is taken.

U. S. Rev. Stats., sec. 2291 (U. S. Comp. Stats. 1901, p. 1390; 8 Fed. Stats. Ann., 2d ed., 557), provides that:

"No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the Government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent as in other cases provided by law. . . . . "

On April 30, 1909, prior to his death, James R. Woodruff made a will in which he devised all his property to his daughter, Ella L. Gartin, specifying particularly the homestead entry above mentioned and appointing James G. Gartin executor of such will. They went into possession of the land, completed the necessary cultivation and residence, made final proof and received a patent from the United States running to the "heirs of James R. Woodruff and to their heirs" on September 9, 1913. The question therefore arises whether under the provisions of U. S. Rev. Stats., sec. 2291, Ella L. Gartin, devisee, took title under the will and the patent or whether the heirs took title by purchase from the Government. Did the deceased entryman at the time of his death have a devisable interest in the homestead entry? It will be noted from an examination of the statutes relating to homestead entries, desert entries, timber and stone entries that the statute relating to homestead entries (U. S. Rev. Stats., sec. 2291), is the only one in which the words "or devisee" are used. Those cases cited which relate to acts other than the homestead act have therefore no application to the instant case. In the case of *Kelsay v. Eaton*, 45 Or. 70, 76, 106 Am. St. 662, 76 Pac. 771, 772 it was said:

"The homestead act provides that, upon the death of an entryman before fully complying with the conditions imposed, the right to complete the performance and receive a patent goes to his widow, or in case of her death, to his heirs or devisees (Rev. Stats. U. S., sec. 2291; U. S. Comp. Stats. 1901, p. 1390). Congress having used the word "devisees" in that act and omitted it from the one under consideration (timber culture act), evidently discloses a purpose to prefer the heirs designated by the laws of a state, to the exclusion of devisees in the timber culture act. This substitution, in our opinion, makes the legal heirs of an entryman, who dies before fully performing the conditions of the timber culture act, donees of the United States, who take by purchase and not by descent."

It would seem from an analysis of the above statement of the law that the inclusion of the words "or devisee" in the

homestead act justifies the conclusion that a homestead entryman may by will dispose of his right as such entryman, and that the devisee, where there is no widow, as in the instant case, succeeds to the homestead entryman's right and may by compliance with the homestead law obtain patent from the United States to the exclusion of the heirs of the deceased.

In the case of *Cole v. Cole,* 98 Neb. 674, 154 N. W. 248, briefly stated, the facts are as follows: On July 3, 1907, Eleazer Cole filed a homestead entry on government land. On July 22, 1907, he made a will, by the terms of which he bequeathed to John J. Cole all of his estate both real and personal of which he might die seised. On June 20, 1908, he died. His devisee went upon the land and continued the residence initiated by his father, made the necessary improvements and obtained a patent, the patent running to the heirs of Eleazer Cole. The patent was issued on May 16, 1912. On October 21, 1912, John J. Cole commenced an action to quiet title, making his sister and other parties who were heirs defendants. He based his claim on Rev. Stats. U. S., sec. 2291, *supra.* The controlling question presented in the case was whether, under that section, Eleazer Cole had the power by will to devise his interest in the homestead to the exclusion of his heirs. The question was therefore squarely presented whether or not a homestead entryman has a devisable interest in the land or in his entry which he can pass by will. In the course of the opinion the court used the following language:

"If section 2291 designated the widow and heirs only as the ones to whom the right to perfect and complete the entry and obtain a patent is given, as is the case under the Timber Culture Act (Act June 14, 1878, 20 U. S. Stats. at Large, c. 190, p. 114) and the Oregon Donation Act (Act Sept. 27, 1850, 9 U. S. Stats. at Large, c. 76, p. 496), upon which some of the cases cited by defendants are based, the contention of defendants would be sound, but in the homestead act, and in that act only, the entryman's devisees are placed upon the same footing with his heirs. Note the language of the

act, 'or if he be dead his widow, or in case of her death his heirs or devisee.' U. S. Rev. Stats., sec. 2291.''

Further on in the course of the opinion it is stated that:

''An examination of the decisions of the Department of the Interior and General Land Office, in cases relating to the public lands, shows clearly how the officers of the general government in whom is vested the power to pass upon homestead entries and proofs of residence and to issue patents construe section 2291.

'' 'The devisee of a homestead claimant is entitled to all the privileges that would descend to the heirs.' (*In the case of H. C. Dodge*, 1 Land Dec. Dept. Int. 47.)

'' 'In the event of a homesteader's death, final proof may be submitted by any one of the devisees, and if such proof is found satisfactory, the certificate should issue in the name of the devisees of the said homesteader generally.' (*Brown v. Hughes' Devisees*, 17 Land Dec. Dept. Int. 156.)

'' 'Where an instrument purporting to be the last will and testament of a deceased homestead entryman is duly admitted to probate in the proper court, it will be recognized by the department as legally established.' (*Eberhardt v. Heirs of Selich*, 33 Land Dec. Dept. Int. 342.)

''In that case the entryman died about a year and a half after making his entry. He left a will devising all his property, and especially his interest in his homestead, to the Evangelical Lutheran Church. After a very full discussion the right of the church as devisee was sustained.''

We think the case of *Cole v. Cole, supra*, is squarely in point and decisive of the question before us.

In the case of *Hays v. Wyatt*, 19 Ida. 544, 115 Pac. 13, 34 L. R. A., N. S., 397, Wyatt made a homestead entry in 1896. In December, 1899, he gave notice that he would thereafter make his final proof for the purpose of procuring patent. Prior to the date on which final proof was to be submitted he died. On February 14, 1899, prior to his death, he made a will whereby he bequeathed and devised to one Walton both his real and personal property with certain specified exceptions. The will was offered for probate on January 25,

1900. There was no contest. On October 28, 1900, Walton, devisee under the will, made final proof upon the homestead entry and in due course a patent was issued by the United States, which patent granted said land unto the "heirs or devisees" of Wyatt. Walton thereafter sold the land to one Hays, who brought an action to quiet title against Wyatt's former wife and children. The question that arose in that case was whether Wyatt had a devisable interest in the homestead entry and whether the homestead, by reason of the will and the patent, descended to the devisee or the heirs took title from the government by purchase. The conclusion reached by this court was that the homestead entryman had a devisable interest and that he, under the provisions of Rev. Stats. U. S., sec. 2291, *supra,* by his will, could devise the homestead entry or the right which he had acquired as an entryman to Walton and cut off the heirs.

In the case of *Cole v. Cole, supra,* the supreme court of Nebraska, in discussing the case of *Hays v. Wyatt, supra,* made the following observations:

"*Hays v. Wyatt,* 19 Ida. 544, 115 Pac. 13, 34 L. R. A., N. S., 397, is cited and copiously quoted from in plaintiff's brief. Defendants contend that the case is not an authority against them, for the reason that at the time of the entryman's death in that case he had completed his term of residence on the land and had given notice of the time when he would make his final proof, and that all that remained for him to do was to present his final proof, when he would be entitled to a patent; that the right to a patent had theretofore vested; and that under such circumstances it might be conceded that the entryman had a devisable interest. There is force in this construction of the cited case, but we are unable to agree with counsel's contention that those facts necessarily change the rule. The conditions with which the entryman was required to comply before he could obtain a patent had not all been complied with at the time he died. One of the conditions to obtaining a patent, which was just as essential as every other condition, was that he would present his final proof. Until that proof was presented no pat-

ent would ever issue, and regardless of the fact that he may have lived upon the land the length of time required to entitle him to make final proof, if he failed to make such proof within two years thereafter, all his rights as an entryman would lapse. The title was still in the government. The right to demand a patent did not yet exist and would never exist until he made his final proof. He therefore had no more right to then devise the land than he would have had at any time prior thereto. The only thing which he could then devise would be his interest in the entry, or stated another way, the rights which he had acquired as an entryman. If he could do that, after full residence but prior to final compliance with the statute, it seems to us he could do it at any time after filing his entry and entering upon the land.''

In the case of *Theisen v. Qualley*, 42 S. D. 367, 175 N. W. 556, it was said:

''Under section 2291, U. S. Rev. Stats. (U. S. Comp. Stats., sec. 4532, 8 Fed. Stats. Ann., 2d ed., 577), the devisee is entitled to patent in preference to those who, if there had been no devisee, would have been entitled to patent as heirs. There can be no heirs where there is a devisee.''

In the instant case there was no widow and all of the heirs had reached their majority. The fact that the entryman never went into possession, if that be a fact, which does not clearly appear from the record, would not in our opinion alter the situation. The further fact that patent was issued to the ''heirs of James R. Woodruff and their heirs'' and not to the devisee would not defeat the latter's title. (*Hays v. Wyatt, supra; Nelson v. Oberg*, 88 Kan. 14, 127 Pac. 767.)

The homestead entry or the land covered by it never became a part of the estate of the deceased entryman nor did the entryman have a devisable interest in the ordinary sense, but the federal statute provides, there being no widow, proof may be made by the heirs of devisee and the devisee is merely the party nominated in the will as the party who may avail himself of the privilege granted by Congress to complete the proof and secure for himself the property. (*Cooper v. Wilder*, 111 Cal. 191, 52 Am. St. 163, 43 Pac. 591.)

The probate court had jurisdiction of the will and all the heirs in the probate proceedings, and the decree therein determined who was the devisee of the entryman and therefore entitled to prove up on the entry, and no appeal being taken therefrom became binding on appellants; that judgment is not subject to the collateral attack in the instant case. (*Ward v. Board of Commrs.*, 12 Okl. 267, 70 Pac. 378; *Bell v. Davis*, 43 Okl. 221, Ann. Cas. 1917C, 1075, 142 Pac. 1011; *State of California v. McGlynn*, 20 Cal. 233, 81 Am. Dec. 118; *In re Arva and Elmer Brady*, 10 Ida. 366, 79 Pac. 75; *Clark v. Rossier*, 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358; *Connolly v. Probate Court*, 25 Ida. 35, 136 Pac. 205; *McCornick v. Friedman*, 7 Ida. 686, 65 Pac. 440; 34 C. J. 518.)

The judgment is affirmed. Costs to respondent.

William A. Lee, C. J., Givens and Taylor, JJ., concur.

Wm. E. Lee, J., did not sit at the hearing nor participate in the decision of this case.